**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000463
09-MAR-2016
09:59 AM**

NO. CAAP-15-0000463

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

DAVID GARNER, PATRICIA SMITH, ANDREA CHRISTIE,
ALLEN KLITERNICK, KAREN SOUZA, JO JENNIFER GOLDSMITH,
and DAVID HUDSON on behalf of themselves and all others
similarly situated, Plaintiffs-Appellees,
v.
STATE OF HAWAI'I, DEPARTMENT OF EDUCATION, Defendants-Appellants,
and
JOHN DOES 1-5, JOHN DOE CORPORATIONS 1-5, ROE NON-PROFIT
CORPORATIONS 1-5, and ROE GOVERNMENTAL AGENCIES 1-5, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
**(CIVIL NO. 03-1-000305)**

---

ALLAN KLITERNICK, DAVID GARNER, JO JENNIFER GOLDSMITH,
and DAVID HUDSON, individually and on behalf of all others
similarly situated, Plaintiffs-Appellees,
v.
KATHRYN S. MATAYOSHI, in her official capacity
as Superintendent of Schools, DONALD G. HORNER,
BRIAN J. DELIMA, WESLEY P. LO, KEITH AMEMIYA, CHERYL KA'UHANE
LUPENI, KIMBERLY GENNAULA HAGI, NANCY JO YAMAKAWA BUDD, JIM D.
WILLIAMS, CHARLENE CUARESMA, and ANGELICA WAI SAM LAO, in their
official capacity as members of the STATE OF HAWAI'I BOARD OF
EDUCATION, DEPARTMENT OF EDUCATION, STATE OF HAWAI'I,
Defendants-Appellants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
**(CIVIL NO. 05-1-00031)**

ORDER DISMISSING APPELLATE COURT CASE NUMBER
CAAP-15-0000463 FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Leonard and Reifurth, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over Defendant-Appellant State of Hawai'i's (Appellant State) appeal from the Honorable Karl K. Sakamoto's May 19, 2015 judgment, because the May 18, 2015 judgment does not satisfy the requirements for an appealable final judgment under Hawaii Revised Statutes (HRS) 641-1(a) (1993 & Supp. 2015), Rules 54 and 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." "An appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008); Bailey v. DuVauchelle, 135 Hawai'i 482, 489, 353 P.3d 1024, 1031 (2015). When interpreting the requirements for an appealable final judgment under HRS § 641-1(a) and HRCP Rule 58, the Supreme Court of Hawai'i has explained that

> [i]f we do not require a judgment that resolves <u>on its face</u>
> all of the issues in the case, the burden of searching the
> often voluminous circuit court record to verify assertions
> of jurisdiction is cast upon this court. Neither the
> parties nor counsel have a right to cast upon this court the
> burden of searching a voluminous record for evidence of
> finality, . . . and we should not make such searches
> necessary by allowing the parties the option of waiving the
> requirements of HRCP [Rule] 58.

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (citation omitted; original emphasis). Consequently, "an appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. For example, "a judgment or order in a consolidated case, disposing of fewer than all claims among all parties, is not appealable in the absence of [HRCP] Rule 54(b) certification." Leslie v. Estate of Tavares, 109 Hawai'i 8, 13, 122 P.3d 803, 808 (2005). Furthermore, whenever HRCP Rule 54(b)-certification is necessary, "a party cannot appeal from a circuit court order even though the order may contain [HRCP Rule] 54(b) certification language; the order must be reduced to a judgment and the [HRCP Rule] 54(b) certification language must be contained therein." Oppenheimer v. AIG Hawaii Ins. Co., 77 Hawai'i 88, 93, 881 P.2d 1234, 1239 (1994).

The instant case involves multiple claims, namely Count 1 and Count 2 of the January 6, 2005 third amended complaint in Civil No. 03-1-000305 (KKS), and Count 1, Count 2 and Count 3 in the January 14, 2005 first amended complaint in Civil No. 05-1-0031 (KKS). On July 13, 2005, the circuit court entered an order consolidating Civil No. 03-1-000305 with Civil

-3-

No. 05-1-0031-01, and, thus, the final judgment in this consolidated case must either resolve all claims in both cases or contain the finding necessary for certification of a judgment as to one or more but fewer than all claims or parties pursuant to HRCP Rule 54(b). The May 19, 2015 judgment appears to enter judgment in favor of and against certain parties as to Count 1 and Count 2 of the January 6, 2005 third amended complaint in Civil No. 03-1-000305 (KKS), but the May 19, 2015 judgment neither enters judgment on nor dismisses the three enumerated counts in the January 14, 2005 first amended complaint in Civil No. 05-1-0031. Furthermore, the May 19, 2015 judgment does not expressly certify this judgment as an appealable judgment with a finding of no just reason for delay in the entry of judgment as to one or more but fewer than all claims or parties pursuant to HRCP Rule 54(b). Although the May 19, 2015 concludes with a statement that "[t]here are no remaining claims, parties or issues," the Supreme Court of Hawaiʻi explained long ago that

> [a] statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Jenkins, 76 Hawaiʻi at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphases added). Because the May 19, 2015 judgment neither resolves all claims nor contains the necessary finding for certification of a judgment on fewer than all claims under HRCP Rule 54(b), the May 19, 2015 judgment does not satisfy the requirements for an appealable final judgment under HRS § 641-1(a), HRCP Rule 54(b), HRCP Rule 58 and the holdings in Jenkins.

-4-

Absent an appealable final judgment, we lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-15-0000463 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, March 9, 2016.

Presiding Judge

Associate Judge

Associate Judge

-5-